JUDGE RAKOFF

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

FRED ZEIGLER,

                   Plaintiff,

     vs.

ATLANTIC CASUALTY
INSURANCE COMPANY,

              Defendant.

**NOTICE OF
REMOVAL**

Civil Action No.

_____

1.     Defendant Atlantic Casualty Insurance Company ("Atlantic Casualty") hereby gives notice of the removal of the above-captioned action from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §1441(b). The basis for Federal Court jurisdiction is 28 U.S.C. § 1332. Atlantic Casualty represents to the Court as follows:

**A.**     **Timeliness of Removal**

2.     Plaintiff Fred Zeigler's ("Zeigler") claim arises out of an underlying action entitled <u>Richard and Kate Freedman v. Fred Zeigler v. Mathew Schwartz, New Phase Renovations, Inc., Northeastern Group, Ltd., and Atlantic Casualty Ins. Co.</u>, Index No. 06-5908982, Supreme Court of the State of New York, New York County, in which the underlying plaintiffs seek over $250,000.00 from Zeigler due to the alleged damage to their apartment (the "<u>Freedman</u> Action"). Zeigler filed a third-party complaint in the <u>Freedman</u> Action against Atlantic Casualty and others seeking to recover defense costs, indemnity, and/or reimbursement for any judgment against Zeigler in the <u>Freedman</u> Action. Attached hereto as Exhibit A is a true and correct copy of the first and third-party complaints in the <u>Freedman</u> Action.

3.     On or about November 3, 2006, Atlantic Casualty moved to dismiss or sever the insurance coverage action from the underlying <u>Freedman</u> Action. By order dated March 21,

2007, Justice Louis B. York granted Atlantic Casualty's motion, severed the insurance coverage action from the <u>Freedman</u> Action, and ordered Zeigler to purchase a new index number for the severed insurance coverage action. Attached hereto as Exhibit B is a true and correct copy of Justice York's March 21, 2007 order.

4.    On or about August 30, 2007, Zeigler filed the captioned action against Atlantic Casualty. The Summons and Complaint in the captioned action was served on Atlantic Casualty on September 26, 2007. Without waiving any objections to service of process, Atlantic Casualty files this Notice of Removal within thirty days of its receipt or notice of the initial pleading purporting to set forth the claims for relief on which this action is based. Therefore, this Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b).

5.    Pursuant to 28 U.S.C. § 1446(a), Plaintiff's Complaint, dated August 30, 2007, constitutes the only "process, pleadings, and orders" filed in the action. (Ex. A)

B.    **Basis for Removal**

6.    The ground for removal is diversity of citizenship under 28 U.S.C. § 1332, in that:

(a)    Plaintiff is a resident of the State of New York;

(b)    Plaintiff filed the third-party complaint in the <u>Freedman</u> Action and the complaint in the captioned action in the courts of the State of New York;

(c)    Atlantic Casualty is a North Carolina corporation and has its principal place of business in North Carolina.

7.    Accordingly, pursuant to 28 U.S.C. § 1441(b), this action is one in which none of the parties in interest properly joined and served as a defendant is a citizen of the State of New York, in which the action was brought.

8.    In addition, upon information and belief, the amount in controversy herein is in excess of $75,000.00, exclusive of interest and costs, as Plaintiff's Complaint seeks an award of policy benefits, as well as attorney's fees and costs, in an undisclosed amount based on Atlantic Casualty's alleged breach of contract. Such damages may reasonably be expected to exceed $75,000.00. See Ex. A.

9.    Accordingly, because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, this Court has jurisdiction over the case under the provisions of 28 U.S.C. § 1441(b).

10.    Atlantic Casualty will file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of New York, provide written notice to Plaintiff, as provided by 28 U.S.C. §1446(d).

**WHEREFORE**, Atlantic Casualty prays that the above-captioned action proceed in this Court as an action properly removed thereto.

Dated: New York, New York
      October 12, 2007

Aidan M. McCormack, Esq. (AM3017
Cyril E. Smith, Esq. (CS8359)
Nixon Peabody LLP
*Attorneys for Defendant*
*Atlantic Casualty Insurance Company*
437 Madison Avenue
New York, New York 10022
(212) 940-3000

TO:    Melissa C. Welch, Esq.
      Hanly Conroy Bierstein
      Sheridan Fisher & Hayes, LLP
      112 Madison Avenue
      New York, New York 10016

# Exhibit "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X
RICHARD FREEDMAN & KATE FREEDMAN,

                    Plaintiffs          Index No. 06-110462

        -against-              **VERIFIED COMPLAINT**

FRED ZEIGLER,

                    Defendant
------------------------------------------------------------X

      Plaintiffs by their attorney HOWARD B. WEBER, hereby complains of the defendant as follows:

      1.    Plaintiffs are the owner of a condominium apartment #326 at 60 E. 9th Street, New York, N.Y. 10003.

      2.    Defendant is, upon information and belief, the owner of a condominium apartment #526 at 60 E. 9th Street, New York, N.Y. 10003.

      3.    Jurisdiction is based on the primary residence of all parties.

      4.    On or about August 26, 2004, defendant had construction work performed in apartment #526 which resulted in water damage to plaintiffs' apartment.

      5.    Subsequently, on at least two (2) additional occasions, water damage again was incurred by plaintiffs to their apartment caused by water leaking from defendant's apartment.

## AS AND FOR A FIRST CAUSE OF ACTION

      6.    As a result of defendant's negligence, plaintiffs' apartment and personal property in said apartment were damaged in a sum to be determined at time of trial but in no event less than $250,000.00.

                                                   Roger Metzger Associates

                                                 **AUG 2 4 2006**

### AS AND FOR A SECOND CAUSE OF ACTION

7.    Defendant was negligent in supervising the construction work within defendant's premises which resulted in water damage to plaintiffs' apartment.

8.    As a result of said negligent supervision plaintiffs were damaged in a sum to be determined at time of trial but in no event less than $250,000.00.

WHEREFORE, plaintiffs demand judgment against the defendant on the First Cause of Action in a sum to be determined at time of trial but in no event less than $250,000.00; on the Second Cause of Action in a sum to be determined at time of trial, together with interest, court costs and attorney's fees plus whatever further relief the court deems just and proper.

Dated: New York, N.Y.
    July 19, 2006

                                      HOWARD B. WEBER
                                      Attorney for Plaintiffs
                                      61 Broadway, Suite 2780
                                      New York, N.Y. 10006
                                      (212) 509-0999

Roger Metzger Associates

AUG 2 4 2006

## VERIFICATION

STATE OF NEW YORK     )
COUNTY OF NEW YORK  ) ss:

    I, RICHARD FREEDMAN, being sworn, say:

    I am the plaintiff in the within action:  I have read the foregoing COMPLAINT and know

the contents thereof; the same is true to my own knowledge, except as to the matters therein stated

to be alleged on information and belief, and as to those matters I believe it to be true.

                                        RICHARD FREEDMAN

Sworn to before me this 19th
day of July, 2006.

NOTARY PUBLIC

          HOWARD B WEBER
      Notary Public, State of New York
           No. 24-4768688
        Qualified in Kings County
    Commission Expires October 31, 20 06

Roger Metzger Associates

AUG 2 4 2006

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------ x

RICHARD FREEDMAN AND KATE FREEDMAN,

                        Plaintiffs,

           - against -

FRED ZEIGLER,

                       Defendant.

INDEX NO. 06-110462

**THIRD PARTY SUMMONS**

------------------------------------------------------------ x

FRED ZEIGLER,

                        Third-Party Plaintiff,

           - against -

*Third-Party Index # 06-590899*

MATTHEW SCHWARTZ, NEW PHASE
RENOVATIONS, INC., NORTHEASTERN GROUP
LTD. and ATLANTIC CASUALTY INSURANCE
COMPANY,

                        Third-Party Defendants.

------------------------------------------------------------ x

TO THE ABOVE-NAMED THIRD-PARTY DEFENDANTS:

         YOU ARE HEREBY SUMMONED to answer the third-party complaint, in this action, which is herewith served upon you together with copies of all prior pleadings in this action, and to serve a copy of your answer upon the undersigned, attorneys for third-party plaintiff, within twenty (20) days after the service thereof exclusive of the date of service, or if the service of the summons is made by any means other than by personal delivery to you within the State of New York within thirty (30) days after such service is completed. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the third-party complaint.

Dated: New York, New York
       September 15, 2006

HANLY CONROY BIERSTEIN
SHERIDAN FISHER & HAYES, LLP

By: *Melissa C. Welch*
    Melissa C. Welch

Attorneys for Defendant/Third-Party
Plaintiff
112 Madison Avenue
New York, New York 10016
Telephone:  212-784-6406
Facsimile:  212-784-6420

TO:    Third-Party Defendants

       Mr. Matthew Schwartz
       158-23 Riverside Drive
       Beechurst, New York 11357

       New Phase Renovations, Inc.
       c/o Mr. Matthew Schwartz
       158-23 Riverside Drive
       Beechurst, New York 11357

       Mr. John D. Heliotis
       Northeastern Group, Ltd.
       695 Hempstead Tpke.
       Franklin Square, New York 11010

       Marianna S. Tillman
       Atlantic Casualty Insurance Company
       P.O. Box 8010
       Goldsboro, North Carolina 27533

       Plaintiffs

       Howard B. Weber, Esq.
       Attorney for Plaintiffs
       61 Broadway, Suite 2780
       New York, New York 10006
       Telephone:  212-509-0999

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------- x

RICHARD FREEDMAN AND KATE FREEDMAN,

                        Plaintiffs,

            - against -

FRED ZEIGLER,

                   Defendant.

:  INDEX NO. 06-110462

:

:

:

: **THIRD PARTY VERIFIED**

: **COMPLAINT**

:

:

:

-------------------------------------------------------------- x

FRED ZEIGLER,

                 Third-Party Plaintiff,

           - against -

MATTHEW SCHWARTZ, NEW PHASE
RENOVATIONS, INC., NORTHEASTERN GROUP
LTD. and ATLANTIC CASUALTY INSURANCE
COMPANY,

               Third-Party Defendants.

-------------------------------------------------------------- x

      Third-party plaintiff, Fred Zeigler ("Zeigler") by his attorneys, Hanly Conroy Bierstein

Sheridan Fisher & Hayes, LLP, as and for his third-party complaint against third-party

defendants Matthew Schwartz ("Schwartz"), New Phase Renovations, Inc. ("New Phase"),

Northeastern Group, Ltd. ("Northeastern") and Atlantic Casualty Insurance Company

("Atlantic"), hereby alleges as follows:

## NATURE OF THE ACTION

      1.    This action arises out of a complaint by Richard and Kate Freedman (the

"Freedmans") against Zeigler for negligence in connection with alleged water damage to their

apartment, located at 60 E. 9th St., #326, New York, New York, alleged to have been caused by

construction in Zeigler's apartment, located at 60 E. 9th St., #526, New York, New York. Zeigler

impleads the third-party defendants for indemnification/contribution for damages sought by the

Freedmans.

## JURISDICTION AND VENUE

2.    Jurisdiction is proper over third-party defendants in the Court pursuant to CPLR

§ 301; venue is proper in New York County pursuant to CPLR § 503 based on plaintiff's

residence.

## THE PARTIES

3.    Zeigler is an individual residing at 60 E. 9th St. #526, New York, New York

10003.

4.    Upon information and belief, Schwartz is an individual residing at 158-23

Riverside Drive, Beechurst, New York 11357.

5.    New Phase is a corporation organized and existing under the laws of the State of

New York, with its principal executive office located at 158-23 Riverside Drive, Beechurst, New

York 11357. Schwartz is the Chief Executive Officer of New Phase.

6.    Northeastern Group is a corporation organized and existing under the laws of the

State of New York, with its principal executive office located at 695 Hempstead Turnpike,

Franklin Square, New York 11010. Northeastern Group is an insurance broker.

7.    Atlantic Casualty Insurance Company is a corporation organized and existing

under the laws of the State of North Carolina, with its principal office located at 400 Commerce

Court, Goldsboro, North Carolina 27533. Atlantic Casualty does business in New York and is

subject to jurisdiction here.

## FACTS COMMON TO ALL CAUSES OF ACTION

8.     In March 2004, Zeigler hired New Phase to perform construction work in Zeigler's apartment, located at 60 E. 9th St. #526, New York, New York.

9.     Upon information and belief, New Phase obtained liability insurance for New Phase through Northeastern.

10.     Northeastern provided a certificate of insurance listing Zeigler as an additional insured. The insurance was provided by Atlantic Casualty.

11.     On or about August 26, 2004, Schwartz and New Phase were performing construction work in Zeigler's apartment. The Freedmans allege that as a result of that construction work, there was water damage to the Freedmans' apartment.

## FIRST CAUSE OF ACTION AGAINST SCHWARTZ AND NEW PHASE

12.     Third-party plaintiff repeats and realleges each and every allegation in paragraphs 1 through 11 hereof.

13.     Any injuries alleged by the Freedmans against Zeigler were proximately caused, in whole or in part, by Schwartz and New Phase's acts and/or omissions.

14.     As a result of the acts and/or omissions of Schwartz and New Phase, Zeigler demands indemnification or contribution toward any recovery by the Freedmans against Zeigler.

15.     The acts and/or omissions of Schwartz and New Phase proximately caused Zeigler to sustain actual damages, including but not limited to attorneys' fees and other costs associated with the defense of this action.

16.     By reason of the foregoing, Zeigler is entitled to compensatory damages in an amount to determined at trial.

## SECOND CAUSE OF ACTION AGAINST ATLANTIC CASUALTY

17.    Third-party plaintiff repeats and realleges each and every allegation in paragraphs 1 through 16 hereof.

18.    Any injuries alleged by the Freedmans against Zeigler were proximately caused, in whole or in part, by Atlantic Casualty's breach of contract.

19.    As a result of Atlantic Casualty's breach of contract, Zeigler demands indemnification or contribution toward any recovery by the Freedmans against Zeigler.

20.    Atlantic Casualty's breach of contract proximately caused Zeigler to sustain actual damages, including but not limited to attorneys' fees and other costs associated with the defense of this action.

21.    By reason of the foregoing, Zeigler is entitled to compensatory damages in an amount to determined at trial.

## THIRD CAUSE OF ACTION AGAINST NORTHEASTERN

22.    Third-party plaintiff repeats and realleges each and every allegation in paragraphs 1 through 21 hereof.

23.    Any injuries alleged by the Freedmans against Zeigler were proximately caused, in whole or in part, by Northeastern's negligent misrepresentation.

24.    As a result of Northeastern's negligent misrepresentation, Zeigler demands indemnification or contribution toward any recovery by the Freedmans against Zeigler.

25.    Northeastern's negligent misrepresentation proximately caused Zeigler to sustain actual damages, including but not limited to attorneys' fees and other costs associated with the defense of this action.

26.    Zeigler has privity of contract with Northeastern.

27.    By reason of the foregoing, Zeigler is entitled to compensatory damages in an amount to determined at trial.

WHEREFORE, Zeigler requests judgment against third-party defendants, jointly and severally, as follows:

a.    Indemnification or contribution toward any recovery by the Freedmans against Zeigler;

b.    Compensatory damages and attorneys' fees;

c.    Interest on all sums awarded at the legal rate; and

d.    Such other and further relief as the Court may deem just and proper, including the costs and disbursements of this action.

Dated: New York, New York
        September 15, 2006

                        HANLY CONROY BIERSTEIN
                        SHERIDAN FISHER & HAYES, LLP

                        By: *Melissa C. Welch*
                        ───────────────────────
                        Melissa C. Welch

                        Attorneys for Defendant/Third-Party
                        Plaintiff
                        112 Madison Avenue
                        New York, New York 10016
                        Telephone:  212-784-6406
                        Facsimile:   212-784-6420

TO:    Third-Party Defendants

       Mr. Matthew Schwartz
       158-23 Riverside Drive
       Beechurst, New York 11357

New Phase Renovations, Inc.
c/o Mr. Matthew Schwartz
158-23 Riverside Drive
Beechurst, New York 11357

Mr. John D. Heliotis
Northeastern Group, Ltd.
695 Hempstead Tpke.
Franklin Square, New York 11010

Marianna S. Tillman
Atlantic Casualty Insurance Company
P.O. Box 8010
Goldsboro, North Carolina 27533

Plaintiffs

Howard B. Weber, Esq.
Attorney for Plaintiffs
61 Broadway, Suite 2780
New York, New York 10006
Telephone: 212-509-0999

## VERIFICATION

STATE OF NEW YORK       )

COUNTY OF NEW YORK  )       ss:


I, Fred Zeigler, being sworn, say:

I am the defendant in the within action. I have read the foregoing Third-Party Complaint

and know the contents thereof; the same is true to my own knowledge, except as to any matters

stated therein to be alleged on information and belief, and as to those matters I believe it to be

true.


_____

**FRED ZEIGLER**

Sworn to before me this 15
Day of September , 2006.


_____

**NOTARY PUBLIC**


Melissa C. Welch
Notary Public, State of New York
No. 02WE6121757
Qualified in New York County
Commission Expires Jan. 24, 20 09

# Exhibit "B"

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: **LOUIS B. YORK** J.S.C.                                    PART _____

Index Number : 110462/2006

FREEDMAN, RICHARD

vs

ZIEGLER, FRED

Sequence Number : 001

DISMISS

INDEX NO. _____

MOTION DATE _____

MOTION SEQ. NO. _____

MOTION CAL. NO. _____

_____ were read on this motion to/for _____

|  | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... | _____ |
| Answering Affidavits — Exhibits _____ | _____ |
| Replying Affidavits _____ | _____ |

**Cross-Motion:** ☐ Yes  ☒ No

Upon the foregoing papers, it is ordered that this motion is granted but only to the extent of severing that portion of the third party action that seeks a declaratory relief against the New Phase and Matthew Swartz's Ins. Co., Atlantic Casualty Insurance Co.

Third party plaintiff shall obtain a new index no. for this phase of the third party action without an additional charge for the index no. The portion of the pleading involving these two parties shall stand as the pleading in the third party action.

Dated: 3/21/07                              **LOUIS B. YORK** J.S.C.

Check one: ☐ FINAL DISPOSITION  ☒ NON-FINAL DISPOSITION

Check if appropriate:       ☐ DO NOT POST

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):