UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

FRED ZEIGLER,

                 Plaintiff,

        -- against --

ATLANTIC CASUALTY INSURANCE
COMPANY,

                Defendant.
-------------------------------------------------------------------X

Civil Action No.:
    1:07-cv-09231-JSR

**ANSWER**

Defendant Atlantic Casualty Insurance Company ("Atlantic Casualty"), by its attorneys Nixon Peabody LLP, as and for its Answer to Plaintiff Fred Zeigler's ("Plaintiff") Complaint, responds upon information and belief as follows:

### IN RESPONSE TO THE NATURE OF THE ACTION

1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint and respectfully refers the Court to the action referenced therein for its terms and allegations.

2.    Admits the allegations contained in paragraph "2" of the Complaint, except denies knowledge or information sufficient to form a belief with respect to the allegations that "there have been no substantive changes to this complaint," and respectfully refers all questions of law to the Court.

### IN RESPONSE TO THE JURISDICTION AND VENUE

3.    Denies the allegations contained in paragraph "3" of the Complaint and respectfully refers all questions of law to the Court.

1

## IN RESPONSE TO THE PARTIES

4.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint.

5.    Denies the allegations contained in paragraph "5" of the Complaint, except admits that Atlantic Casualty is a North Carolina corporation that is authorized to conduct insurance business in the State of New York.

## IN RESPONSE TO THE FACTS

8 (sic).    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint and respectfully refers all questions of law to the Court.

9.    Denies the allegations contained in paragraph "9" of the Complaint, respectfully refers the Court to the documents and Atlantic Casualty insurance contract referenced therein for their terms, and refers all questions of law to the Court.

11 (sic).    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint and respectfully refers all questions of law to the Court.

## IN RESPONSE TO A FIRST CAUSE OF ACTION AGAINST ATLANTIC CASUALTY

12.    In response to paragraph "12" of the Complaint, Atlantic Casualty hereby reasserts and repeats each response to paragraphs "1" through "11" as though fully set forth hereat.

13.     Denies the allegations contained in paragraph "13" of the Complaint and respectfully refers all questions of law to the Court.

14.     Denies the allegations contained in paragraph "14" of the Complaint and respectfully refers all questions of law to the Court.

15.     Denies the allegations contained in paragraph "15" of the Complaint and respectfully refers all questions of law to the Court.

16.     Denies the allegations contained in paragraph "16" of the Complaint and respectfully refers all questions of law to the Court.

## FIRST DEFENSE

1.     There is no coverage, including no duty to defend and/or indemnify, under the Atlantic Casualty insurance contract for the action entitled Richard and Kate Freedman v. Fred Zeigler v. Mathew Schwartz, New Phase Renovations, Inc., and Northeastern Group, Ltd., Index No. 06-5908982, Supreme Court of the State of New York, New York County (the "Freedman Action"), on the grounds and to the extent that the claims asserted in the Freedman Action are barred, excluded, or otherwise not covered under the terms, conditions, provisions, exclusions, and/or limitations of the Atlantic Casualty insurance contract.

## SECOND DEFENSE

2.     There is no coverage, including no duty to defend and/or indemnify, under the Atlantic Casualty insurance contract for the claims asserted in, related to, and/or arising out of the Freedman Action on the grounds and to the extent that the Complaint does not assert a case or controversy sufficiently ripe for judicial resolution and/or fails to state a claim upon which relief can be granted.

3

### THIRD DEFENSE

3.      There is no coverage, including no duty to defend and/or indemnify, under the Atlantic Casualty insurance contract for the claims asserted in, related to, and/or arising out of the Freedman Action on the ground and to the extent that there has been no "bodily injury" or "property damage" caused by an "occurrence" within the meaning of the Atlantic Casualty insurance contract.

### FOURTH DEFENSE

4.      There is no coverage, including no duty to defend and/or indemnify, under the Atlantic Casualty insurance contract for the claims asserted in, related to, and/or arising out of the Freedman Action on the ground and to the extent that there was no covered "bodily injury" or "property damage" during the Atlantic Casualty insurance contract policy period.

### FIFTH DEFENSE

5.      There is no coverage, including no duty to defend and/or indemnify, under the Atlantic Casualty insurance contract for the claims asserted in, related to, and/or arising out of the Freedman Action on the ground that, among other things, the Atlantic Casualty insurance contract bars coverage for any loss, claim, cost, or expense arising out of the actions of independent contractors or subcontractors for or on behalf of any insured.

### SIXTH DEFENSE

6.      There is no coverage, including no duty to defend and/or indemnify, under the Atlantic Casualty insurance contract for the claims asserted in, related to, and/or arising out of the Freedman Action on the ground and to the extent that Plaintiff and/or anyone is not an insured or additional insured under the Atlantic Casualty insurance and/or to the extent that any limitation in additional insured coverage applies.

4

## SEVENTH DEFENSE

7.     There is no coverage, including no duty to defend and/or indemnify, under the Atlantic Casualty insurance contract for the claims asserted in, related to, and/or arising out of the Freedman Action on the ground and to the extent that they claims arise out of work that does not fall within the business description as classified or shown on the Atlantic Casualty insurance contract and/or on the ground that the Classification Limitation endorsement applies.

## EIGHTH DEFENSE

8.     There is no coverage, including no duty to defend and/or indemnify, under the Atlantic Casualty insurance contract for the Freedman Action on the ground and to the extent that the Atlantic Casualty insurance contract bars coverage for injury or damage expected or intended from the standpoint of the insured.

## NINTH DEFENSE

9.     There is no coverage, including no duty to defend and/or indemnify, under the Atlantic Casualty insurance contract for the claims asserted in, related to, and/or arising out of the Freedman Action on the ground and to the extent that the claims arise out of an alleged accident, occurrence or injury at site, risk, premises, or location that is not covered under the Atlantic Casualty insurance contract.

## TENTH DEFENSE

10.     There is no coverage, including no duty to defend and/or indemnify, under the Atlantic Casualty insurance contract for the claims asserted in, related to, and/or arising out of the Freedman Action on the grounds and to the extent that anyone breached any conditions precedent to insurance coverage, including the obligation to provide timely written notice to Atlantic Casualty of any alleged occurrence, claim and suit, to immediately provide Atlantic

Casualty with copies of any demands, notices, summonses, or legal papers, to not make any voluntary payment, to not incur any sum without prior written consent or to cooperate.

## ELEVENTH DEFENSE

11.    There is no coverage, including no duty to defend and/or indemnify, under the Atlantic Casualty insurance contract for the claims asserted in, related to, and/or arising out of the Freedman Action on the grounds and to the extent that anyone seeks to recover any pre-tender costs, expenses, fees, or disbursements incurred with respect to the claim and/or the Freedman Action.

## TWELFTH DEFENSE

12.    There is no coverage, including no duty to defend and/or indemnify, under the Atlantic Casualty insurance contract for the claims asserted in, related to, and/or arising out of the Freedman Action on the grounds and to the extent that the Atlantic Casualty insurance contract excludes coverage for property damage to the insured's product and/or work.

## THIRTEENTH DEFENSE

13.    There is no coverage, including no duty to defend and/or indemnify, under the Atlantic Casualty insurance contract for the claims asserted in, related to, and/or arising out of the Freedman Action on the grounds and to the extent that the Atlantic Casualty insurance contract excludes coverage for property damage to real property on which an insured or any contractors or subcontractors working directly or indirectly on its behalf are performing operations.

## FOURTEENTH DEFENSE

14.    There is no coverage, including no duty to defend and/or indemnify, under the Atlantic Casualty insurance contract for the claims asserted in, related to, and/or arising out of

6

the Freedman Action on the grounds and to the extent that the Atlantic Casualty insurance contract excludes coverage for property damage to property that must be restored, repaired or replaced because the insured's work was incorrectly performed on it.

## FIFTEENTH DEFENSE

15.    There is no coverage, including no duty to defend and/or indemnify, under the Atlantic Casualty insurance contract for the claims asserted in, related to, and/or arising out of the Freedman Action on the grounds and to the extent that the Atlantic Casualty insurance contract excludes coverage for property damage to impaired property or property that has not been physically injured, arising out of a defect, deficiency, inadequacy or dangerous condition in the insured's product or the insured's work, or a delay or failure by the insured or anyone acting on behalf of the insured to perform a contract or agreement in accordance with its terms.

## SIXTEENTH DEFENSE

16.    There is no coverage, including no duty to defend and/or indemnify, under the Atlantic Casualty insurance contract for the claims asserted in, related to, and/or arising out of the Freedman Action on the grounds and to the extent that the Atlantic Casualty insurance contract excludes coverage for damages claimed for any loss, cost or expense incurred by the insured or others for the loss of use, withdrawal, repair, replacement, adjustment, removal or disposal of the insured's product, work, or impaired property, if such product, work or property has withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

## SEVENTEENTH DEFENSE

17.    There is no coverage, including no duty to defend and/or indemnify, under the Atlantic Casualty insurance contract for the claims asserted in, related to, and/or arising out of

the Freedman Action on the grounds and to the extent that any alleged certificate of insurance was not issued by any authorized agent or representative of Atlantic Casualty.

### EIGHTEENTH DEFENSE

18.    There is no coverage, including no duty to defend and/or indemnify, under the Atlantic Casualty insurance contract for the claims asserted in, related to, and/or arising out of the Underlying Actions on the grounds that Plaintiff or anyone has, for any losses allegedly covered by the Atlantic Casualty insurance contract, co-insurance, other insurance, self-insurance, deductibles, collateral sources of money, or other contractual indemnitors or to the extent the Atlantic Casualty insurance contract provides limited or no insurance based on an allocation or to the extent that the Atlantic Casualty insurance contract constitutes excess insurance.

### NINETEENTH DEFENSE

19.    There is no coverage, including no duty to defend and/or indemnify, under the Atlantic Casualty insurance contract for the claims asserted in, related to, and/or arising out of the Freedman Action on the grounds and to the extent that the Atlantic Casualty insurance contract excludes coverage for injury or damage relative to pollution or pollutants.

### TWENTIETH DEFENSE

20.    There is no coverage, including no duty to defend and/or indemnify, under the Atlantic Casualty insurance contract for the claims asserted in, related to, and/or arising out of the Freedman Action on the grounds and to the extent that the exclusion relative to the "Mold, Fungus, Bacteria, Virus And Organic Pathogen Exclusion – Liability" applies.

8

## TWENTY-FIRST DEFENSE

21.    There is no coverage, including no duty to defend and/or indemnify, under the Atlantic Casualty insurance contract for the claims asserted in, related to, and/or arising out of the Freedman Action on the ground and to the extent that Zeigler or anyone seeking coverage under the Atlantic Casualty insurance contract failed to mitigate damages in connection with the claim and the Freedman Action.

## TWENTY-SECOND DEFENSE

22.    Atlantic Casualty's grounds for asserting that there is no coverage under the Atlantic Casualty insurance contract are based upon the facts that are available to Atlantic Casualty at this time. Atlantic Casualty reserves its right to raise any additional defenses and grounds for disclaiming coverage in the future should Atlantic Casualty determine such grounds exist.

Dated: New York, New York
      October 18, 2007

Aidan M. McCormack, Esq. (AM3017)
Cyril E. Smith, Esq. (CS8359)
Nixon Peabody LLP
*Attorneys for Defendant*
*Atlantic Casualty Insurance Co.*
437 Madison Avenue
New York, New York 10022
(212) 940-3000

TO:    Melissa C. Welch, Esq.
       Hanly Conroy Bierstein
       Sheridan Fisher & Hayes, LLP
       112 Madison Avenue
       New York, New York 10016

10721039.1