UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF NEW YORK

FRED ZEIGLER,

            Plaintiff,

         - against -                    07-cv-9231 (JSR)

ATLANTIC CASUALTY INSURANCE COMPANY,

            Defendant.

**PLAINTIFF'S BRIEF IN SUPPORT OF HIS MOTION TO REMAND
TO STATE COURT PURSUANT TO 28 USC § 1446(B)**

**HANLY CONROY BIERSTEIN SHERIDAN FISHER & HAYES LLP**
112 Madison Avenue
New York, New York 10016
(212) 784-6400

*Attorneys for Plaintiff*

November 13, 2007

# TABLE OF AUTHORITIES

**Cases**

*Sharp General Contractors, Inc. v. Mt. Hawley Ins. Co.*,
  471 F. Supp. 2d 1304 (S.D. Fla. 2007) ........................................................................................ 2

**Statutes**

28 U.S.C. § 1446(b) ............................................................................................................. 2

**Preliminary Statement**

Plaintiff Fred Zeigler ("Zeigler") respectfully submits this brief in support of his motion to remand this case to state court on the ground that the notice of removal by Defendant Atlantic Casualty Insurance Company ("Atlantic") was untimely filed.

**Statement of Facts**

This case involves a water leak in a New York City cooperative apartment building. During renovation work in Ziegler's apartment, water damage allegedly occurred in a neighbor's apartment two floors below. The neighbor sued Ziegler in New York State Supreme Court. *Freedman v. Zeigler*, Index No. 06-5908982. Zeigler filed third party claims, including claims against Atlantic—the insurance carrier who provided the insurance for the renovation work. Affirmation of Thomas I. Sheridan, III, sworn to November 14, 2007 ("Sheridan Aff."), Exhibit A, Notice of Removal, at ¶ 3. A copy of the third party complaint is included as part of Exhibit A to the Notice of Removal.

After being served with the third party complaint, Atlantic moved to dismiss or sever the claims pertaining to it. On March 21, 2007, Justice York granted severance. The order granting severance, a copy of which is attached to the Notice of Removal as Exhibit B, provides: "The portion of the pleadings involving those two parties shall stand as the pleadings in the third party action." That order was served on Atlantic on April 4, 2007. Sheridan Aff. Ex. B.

On October 15, 2007, Atlantic filed its Notice of Removal. Sheridan Aff. Ex. A.

**ARGUMENT**

As a third party defendant, Atlantic had no right to remove prior to the severance. As soon as its motion for a severance was granted, however, it did have that right. Pursuant to

28 U.S.C. § 1446(b),[1] the thirty-day period for removal began to run from Justice York's March 21, 2007 order, since that was the "order from which it [could] first be ascertained that the case [had] become removable." *See Sharp General Contractors, Inc. v. Mt. Hawley Ins. Co.*, 471 F. Supp. 2d 1304 (S.D. Fla. 2007) (thirty-day period runs from receipt of severance order)

## CONCLUSION

The notice of removal filed on October 15, 2007 was untimely, and the case must be remanded to state court.

Dated: New York, New York
       November 13, 2007

>                           HANLY CONROY BIERSTEIN SHERIDAN
>                           FISHER & HAYES LLP
>
>                           By: **/s/ Thomas I. Sheridan**
>                                Thomas I. Sheridan (TS-0599)
>
>                           112 Madison Avenue
>                           New York, NY 10016
>                           Tel. (212) 784-6400
>                           Fax (212) 784-6420
>                           tsheridan@hanlyconroy.com

---

[1] Section 1444(b) provides, in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> *If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an* amended pleading, motion, *order* or other paper *from which it may first be ascertained that the case is one which is or has become removable*, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

(emphasis added)