UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FRED ZEIGLER,

|  |  |
|---|---|
| Plaintiff, | Civil Action No.: |
|  | 1:07-cv-09231-JSR |
| -- against -- |  |
| ATLANTIC CASUALTY INSURANCE | **DECLARATION OF** |
| COMPANY, | **CYRIL E. SMITH** |
| Defendant. |  |

-----------------------------------------------------------------X

**CYRIL E. SMITH**, an attorney duly admitted to practice before this Court and the Courts of New York, states the following under penalty of perjury:

1.      I am duly admitted to practice law before the United States District Court for the Southern District of New York.

2.      I am an associate with the law firm of Nixon Peabody LLP, counsel for Defendant Atlantic Casualty Insurance Company ("Atlantic Casualty"). As such, I am fully familiar with the facts of this matter set forth herein based on my review of the file and handling of this case.

3.      I submit this Declaration in support of Atlantic Casualty's opposition to Plaintiff Fred Zeigler's Motion To Remand To State Court.

4.      Plaintiff's motion should be denied since Atlantic Casualty timely removed the captioned action within 30 days of receiving Plaintiff's court-ordered new index number and complaint.

5.      The claim arises out of the alleged water damage to plaintiffs Richard and Kate Freedman's apartment allegedly caused by renovation work performed by New Phase

Renovations, Inc. ("New Phase") in Ziegler's apartment located at 60 East 9th Street, New York, New York. Ziegler allegedly resides in apartment 526 and the claimants allegedly reside in apartment 326. On or about July 19, 2006, plaintiffs Richard and Kate Freedman commenced an action entitled *Richard Freedman and Kate Freedman v. Fred Ziegler*, Index No. 06110462, Supreme Court of the State of New York, New York County (the "*Freedman* Action") alleging that Ziegler had construction work performed in his apartment on August 26, 2004 that caused water damage to plaintiffs' apartment.

6.      The *Freedman* Action also alleges that the plaintiffs' apartment was damaged by water leaking from Ziegler's on two subsequent occasions. It also alleges that Ziegler negligently supervised the work in his apartment, causing water damage. The *Freedman* Action seeks damages in excess of $250,000.00. Attached hereto as **Exhibit A** is a true and correct copy of the complaint in the *Freedman* Action.

7.      On or about September 15, 2006, Fred Ziegler commenced a third-party insurance coverage action against Atlantic Casualty and others as part of the *Freedman* Action to recover any costs and indemnity he incurs in the *Freedman* Action. Attached hereto as **Exhibit B** is a true and correct copy of the Zeigler's third-party complaint in the *Freedman* Action.

8.      On or about November 3, 2006, Atlantic Casualty moved to dismiss or sever the insurance coverage action from the underlying *Freedman* Action. By order dated March 21, 2007, the Honorable Justice Louis B. York granted Atlantic Casualty's motion, and ordered Zeigler to purchase a new index number for the severed insurance coverage action. Attached hereto as **Exhibit C** is a true and correct copy of Justice York's March 21, 2007 Order.

9.      On or about August 30, 2007, Zeigler filed the captioned action against Atlantic Casualty.  Attached hereto as **Exhibit D** is a true and correct copy of the Zeigler's complaint in the captioned action.

10.      The Summons and Complaint in the captioned action were served on Atlantic Casualty on September 26, 2007. On October 15, 2007, Atlantic Casualty removed the case to this Court. On October 19, 2007, Atlantic Casualty answered the complaint in the captioned action.  Attached hereto as **Exhibit E** is a true and correct copy of the Atlantic Casualty's Answer to the complaint in the captioned action.

**WHEREFORE**, Atlantic Casualty respectfully requests that this Court deny Plaintiff's Motion To Remand To State Court and order that the parties proceed with discovery in the captioned action.

Dated: New York, New York
        November 30, 2007

CYRIL E. SMITH

# SMITH DECLARATION

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X
RICHARD FREEDMAN & KATE FREEDMAN,

                     Plaintiffs          Index No. *06-110462*

      -against-                 <u>VERIFIED COMPLAINT</u>

FRED ZEIGLER,

                     Defendant
------------------------------------------------------------X

      Plaintiffs by their attorney HOWARD B. WEBER, hereby complains of the defendant as follows:

      1.     Plaintiffs are the owner of a condominium apartment #326 at 60 E. 9th Street, New York, N.Y. 10003.

      2.     Defendant is, upon information and belief, the owner of a condominium apartment #526 at 60 E. 9th Street, New York, N.Y. 10003.

      3.     Jurisdiction is based on the primary residence of all parties.

      4.     On or about August 26, 2004, defendant had construction work performed in apartment #526 which resulted in water damage to plaintiffs' apartment.

      5.     Subsequently, on at least two (2) additional occasions, water damage again was incurred by plaintiffs to their apartment caused by water leaking from defendant's apartment.

<u>AS AND FOR A FIRST CAUSE OF ACTION</u>

      6.     As a result of defendant's negligence, plaintiffs' apartment and personal property in said apartment were damaged in a sum to be determined at time of trial but in no event less than $250,000.00.

                             Roger Matzger Associates

                             AUG 2 4 2006

### AS AND FOR A SECOND CAUSE OF ACTION

7.     Defendant was negligent in supervising the construction work within defendant's premises which resulted in water damage to plaintiffs' apartment.

8.     As a result of said negligent supervision plaintiffs were damaged in a sum to be determined at time of trial but in no event less than $250,000.00.

WHEREFORE, plaintiffs demand judgment against the defendant on the First Cause of Action in a sum to be determined at time of trial but in no event less than $250,000.00; on the Second Cause of Action in a sum to be determined at time of trial, together with interest, court costs and attorney's fees plus whatever further relief the court deems just and proper.

Dated: New York, N.Y.
　　　 July 19, 2006

　　　　　　　　　　　　　　　　　HOWARD B. WEBER
　　　　　　　　　　　　　　　　　Attorney for Plaintiffs
　　　　　　　　　　　　　　　　　61 Broadway, Suite 2780
　　　　　　　　　　　　　　　　　New York, N.Y. 10006
　　　　　　　　　　　　　　　　　(212) 509-0999

Roger Metzger Associates

AUG 2 4 2006

## VERIFICATION

STATE OF NEW YORK    )
COUNTY OF NEW YORK  ) ss:

    I, RICHARD FREEDMAN, being sworn, say:

    I am the plaintiff in the within action: I have read the foregoing COMPLAINT and know

the contents thereof; the same is true to my own knowledge, except as to the matters therein stated

to be alleged on information and belief, and as to those matters I believe it to be true.

                                         RICHARD FREEDMAN

Sworn to before me this 19th
day of July, 2006.

NOTARY PUBLIC
HOWARD B WEBER
Notary Public, State of New York
No. 24-4768688
Qualified in Kings County
Commission Expires October 31, 20 _06_

Roger Metzger Associates

AUG 2 4 2006

# SMITH DECLARATION

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------ x
RICHARD FREEDMAN AND KATE FREEDMAN,                      :    INDEX NO. 06-110462

                        Plaintiffs,                     :

          - against -                                     :    **THIRD PARTY SUMMONS**

FRED ZEIGLER,                                           :

                      Defendant.                      :

------------------------------------------------------------ x
FRED ZEIGLER,                                           :

                Third-Party Plaintiff,          :

         - against -                                     :    *Third-Party Index # 06-590899*

MATTHEW SCHWARTZ, NEW PHASE                             :
RENOVATIONS, INC., NORTHEASTERN GROUP                   :
LTD. and ATLANTIC CASUALTY INSURANCE                    :
COMPANY,                                                :

             Third-Party Defendants.            :

------------------------------------------------------------ x

TO THE ABOVE-NAMED THIRD-PARTY DEFENDANTS:

       YOU ARE HEREBY SUMMONED to answer the third-party complaint, in this action,

which is herewith served upon you together with copies of all prior pleadings in this action, and

to serve a copy of your answer upon the undersigned, attorneys for third-party plaintiff, within

twenty (20) days after the service thereof exclusive of the date of service, or if the service of the

summons is made by any means other than by personal delivery to you within the State of New

York within thirty (30) days after such service is completed. In case of your failure to answer,

judgment will be taken against you by default for the relief demanded in the third-party

complaint.

Dated: New York, New York
        September 15, 2006

                                        HANLY CONROY BIERSTEIN
                                        SHERIDAN FISHER & HAYES, LLP


                                        By: *Melissa C. Welch*
                                            Melissa C. Welch


                                        Attorneys for Defendant/Third-Party
                                        Plaintiff
                                        112 Madison Avenue
                                        New York, New York 10016
                                        Telephone:  212-784-6406
                                        Facsimile:   212-784-6420


TO:     Third-Party Defendants

        Mr. Matthew Schwartz
        158-23 Riverside Drive
        Beechurst, New York 11357

        New Phase Renovations, Inc.
        c/o Mr. Matthew Schwartz
        158-23 Riverside Drive
        Beechurst, New York 11357

        Mr. John D. Heliotis
        Northeastern Group, Ltd.
        695 Hempstead Tpke.
        Franklin Square, New York 11010

        Marianna S. Tillman
        Atlantic Casualty Insurance Company
        P.O. Box 8010
        Goldsboro, North Carolina 27533

        Plaintiffs

        Howard B. Weber, Esq.
        Attorney for Plaintiffs
        61 Broadway, Suite 2780
        New York, New York 10006
        Telephone: 212-509-0999

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------ x

RICHARD FREEDMAN AND KATE FREEDMAN,

                          Plaintiffs,

           - against -

FRED ZEIGLER,

                      Defendant.

------------------------------------------------------------ x

FRED ZEIGLER,

                  Third-Party Plaintiff,

           - against -

MATTHEW SCHWARTZ, NEW PHASE
RENOVATIONS, INC., NORTHEASTERN GROUP
LTD. and ATLANTIC CASUALTY INSURANCE
COMPANY,

                 Third-Party Defendants.

------------------------------------------------------------ x

INDEX NO. 06-110462

**THIRD PARTY VERIFIED
COMPLAINT**

       Third-party plaintiff, Fred Zeigler ("Zeigler") by his attorneys, Hanly Conroy Bierstein

Sheridan Fisher & Hayes, LLP, as and for his third-party complaint against third-party

defendants Matthew Schwartz ("Schwartz"), New Phase Renovations, Inc. ("New Phase"),

Northeastern Group, Ltd. ("Northeastern") and Atlantic Casualty Insurance Company

("Atlantic"), hereby alleges as follows:

                           <u>**NATURE OF THE ACTION**</u>

    1.    This action arises out of a complaint by Richard and Kate Freedman (the

"Freedmans") against Zeigler for negligence in connection with alleged water damage to their

apartment, located at 60 E. 9th St., #326, New York, New York, alleged to have been caused by

construction in Zeigler's apartment, located at 60 E. 9th St., #526, New York, New York. Zeigler impleads the third-party defendants for indemnification/contribution for damages sought by the Freedmans.

## JURISDICTION AND VENUE

2.     Jurisdiction is proper over third-party defendants in the Court pursuant to CPLR § 301; venue is proper in New York County pursuant to CPLR § 503 based on plaintiff's residence.

## THE PARTIES

3.     Zeigler is an individual residing at 60 E. 9th St. #526, New York, New York 10003.

4.     Upon information and belief, Schwartz is an individual residing at 158-23 Riverside Drive, Beechurst, New York 11357.

5.     New Phase is a corporation organized and existing under the laws of the State of New York, with its principal executive office located at 158-23 Riverside Drive, Beechurst, New York 11357. Schwartz is the Chief Executive Officer of New Phase.

6.     Northeastern Group is a corporation organized and existing under the laws of the State of New York, with its principal executive office located at 695 Hempstead Turnpike, Franklin Square, New York 11010. Northeastern Group is an insurance broker.

7.     Atlantic Casualty Insurance Company is a corporation organized and existing under the laws of the State of North Carolina, with its principal office located at 400 Commerce Court, Goldsboro, North Carolina 27533. Atlantic Casualty does business in New York and is subject to jurisdiction here.

## FACTS COMMON TO ALL CAUSES OF ACTION

8.    In March 2004, Zeigler hired New Phase to perform construction work in Zeigler's apartment, located at 60 E. 9th St. #526, New York, New York.

9.    Upon information and belief, New Phase obtained liability insurance for New Phase through Northeastern.

10.    Northeastern provided a certificate of insurance listing Zeigler as an additional insured. The insurance was provided by Atlantic Casualty.

11.    On or about August 26, 2004, Schwartz and New Phase were performing construction work in Zeigler's apartment. The Freedmans allege that as a result of that construction work, there was water damage to the Freedmans' apartment.

## FIRST CAUSE OF ACTION AGAINST SCHWARTZ AND NEW PHASE

12.    Third-party plaintiff repeats and realleges each and every allegation in paragraphs 1 through 11 hereof.

13.    Any injuries alleged by the Freedmans against Zeigler were proximately caused, in whole or in part, by Schwartz and New Phase's acts and/or omissions.

14.    As a result of the acts and/or omissions of Schwartz and New Phase, Zeigler demands indemnification or contribution toward any recovery by the Freedmans against Zeigler.

15.    The acts and/or omissions of Schwartz and New Phase proximately caused Zeigler to sustain actual damages, including but not limited to attorneys' fees and other costs associated with the defense of this action.

16.    By reason of the foregoing, Zeigler is entitled to compensatory damages in an amount to determined at trial.

## SECOND CAUSE OF ACTION AGAINST ATLANTIC CASUALTY

17.    Third-party plaintiff repeats and realleges each and every allegation in paragraphs 1 through 16 hereof.

18.    Any injuries alleged by the Freedmans against Zeigler were proximately caused, in whole or in part, by Atlantic Casualty's breach of contract.

19.    As a result of Atlantic Casualty's breach of contract, Zeigler demands indemnification or contribution toward any recovery by the Freedmans against Zeigler.

20.    Atlantic Casualty's breach of contract proximately caused Zeigler to sustain actual damages, including but not limited to attorneys' fees and other costs associated with the defense of this action.

21.    By reason of the foregoing, Zeigler is entitled to compensatory damages in an amount to determined at trial.

## THIRD CAUSE OF ACTION AGAINST NORTHEASTERN

22.    Third-party plaintiff repeats and realleges each and every allegation in paragraphs 1 through 21 hereof.

23.    Any injuries alleged by the Freedmans against Zeigler were proximately caused, in whole or in part, by Northeastern's negligent misrepresentation.

24.    As a result of Northeastern's negligent misrepresentation, Zeigler demands indemnification or contribution toward any recovery by the Freedmans against Zeigler.

25.    Northeastern's negligent misrepresentation proximately caused Zeigler to sustain actual damages, including but not limited to attorneys' fees and other costs associated with the defense of this action.

26.    Zeigler has privity of contract with Northeastern.

27.    By reason of the foregoing, Zeigler is entitled to compensatory damages in an amount to determined at trial.

WHEREFORE, Zeigler requests judgment against third-party defendants, jointly and severally, as follows:

a.    Indemnification or contribution toward any recovery by the Freedmans against Zeigler;

b.    Compensatory damages and attorneys' fees;

c.    Interest on all sums awarded at the legal rate; and

d.    Such other and further relief as the Court may deem just and proper, including the costs and disbursements of this action.

Dated: New York, New York
        September 15, 2006

HANLY CONROY BIERSTEIN
SHERIDAN FISHER & HAYES, LLP

By: _Melissa C. Welch_
    Melissa C. Welch

Attorneys for Defendant/Third-Party
Plaintiff
112 Madison Avenue
New York, New York 10016
Telephone:  212-784-6406
Facsimile:   212-784-6420

TO:    Third-Party Defendants

Mr. Matthew Schwartz
158-23 Riverside Drive
Beechurst, New York 11357

New Phase Renovations, Inc.
c/o Mr. Matthew Schwartz
158-23 Riverside Drive
Beechurst, New York 11357

Mr. John D. Heliotis
Northeastern Group, Ltd.
695 Hempstead Tpke.
Franklin Square, New York 11010

Marianna S. Tillman
Atlantic Casualty Insurance Company
P.O. Box 8010
Goldsboro, North Carolina 27533

<u>Plaintiffs</u>

Howard B. Weber, Esq.
Attorney for Plaintiffs
61 Broadway, Suite 2780
New York, New York 10006
Telephone: 212-509-0999

## VERIFICATION

STATE OF NEW YORK        )

COUNTY OF NEW YORK   )        ss:


I, Fred Zeigler, being sworn, say:

I am the defendant in the within action.  I have read the foregoing Third-Party Complaint

and know the contents thereof; the same is true to my own knowledge, except as to any matters

stated therein to be alleged on information and belief, and as to those matters I believe it to be

true.


_____

**FRED ZEIGLER**


Sworn to before me this 15
Day of September  , 2006.


_____
**NOTARY PUBLIC**


Melissa C. Welch
Notary Public, State of New York
No. 02WE6121757
Qualified in New York County
Commission Expires Jan. 24, 20 09

# SMITH DECLARATION

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: **LOUIS B. YORK** J.S.C.                     PART _____

Index Number : 110462 2006

FREEDMAN, RICHARD                    INDEX NO.      _____

vs                                   MOTION DATE    _____

ZIEGLER, FRED

Sequence Number : 001                MOTION SEQ. NO. _____

DISMISS                              MOTION CAL. NO. _____

_____ were read on this motion to/for _____

|  | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... | _____ |
| Answering Affidavits — Exhibits _____ | _____ |
| Replying Affidavits _____ | _____ |

**Cross-Motion:** ☐ Yes ☒ No

Upon the foregoing papers, it is ordered that this motion is granted but only to the extent of severing that portion of the third party action that seeks a declaratory relief against the New Phase and Matthew Swartz's Ins. Co. Atlantic Casualty insurance co.

Third party plaintiff shall obtain a new index number for this phase of the third party action without an additional charge. The New Phase on the portion of the pleading involving these two parties shall stand as the pleading on the third party action.

Dated: 5/3/07

*[signature]* **LOUIS B. YORK** J.S.C.

Check one: ☐ FINAL DISPOSITION   ☒ NON-FINAL DISPOSITION

Check if appropriate:   ☐ DO NOT POST

*MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):*

# SMITH DECLARATION

# EXHIBIT D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------- x
FRED ZEIGLER,                                  :
                                               : INDEX NO. 07-401767
                          Plaintiff,           :
                                               :
          - against -                          : **SUMMONS**
                                               :
ATLANTIC CASUALTY INSURANCE COMPANY,           :
                                               :
                          Defendant.           :
                                               :
------------------------------------------------------------- x

TO THE ABOVE-NAMED THIRD-PARTY DEFENDANTS:

     YOU ARE HEREBY SUMMONED to answer the complaint, in this action, which is

herewith served upon you together with copies of all prior pleadings in this action, and to serve a

copy of your answer upon the undersigned, attorneys for third-party plaintiff, within twenty (20)

days after the service thereof exclusive of the date of service, or if the service of the summons is

made by any means other than by personal delivery to you within the State of New York within

thirty (30) days after such service is completed. In case of your failure to answer, judgment will

be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
      August 30, 2007

                           HANLY CONROY BIERSTEIN
                           SHERIDAN FISHER & HAYES, LLP

                           By: *Melissa C Welch*
                              Melissa C. Welch

                           Attorneys for Plaintiff
                           112 Madison Avenue
                           New York, New York 10016
                           Telephone:  212-784-6406
                           Facsimile:  212-784-6420

TO:    Nixon Peabody LLP
437 Madison Avenue
New York, New York 10022
Phone: 212-940-3000
Fax: 212-940-3111

Attorneys for Defendant

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

----------------------------------------------------- x

FRED ZEIGLER,                                          :

                   Plaintiff,                       :  INDEX NO. 07-401767

          - against -                              :

                                          :  **COMPLAINT**

ATLANTIC CASUALTY INSURANCE COMPANY,                  :

                   Defendant.                       :

----------------------------------------------------- x

       Plaintiff, Fred Zeigler ("Zeigler") by his attorneys, Hanly Conroy Bierstein Sheridan

Fisher & Hayes, LLP, as and for his complaint against defendant Atlantic Casualty Insurance

Company ("Atlantic"), hereby alleges as follows:

## NATURE OF THE ACTION

      1.    This declaratory judgment action arises out of a complaint by Richard and Kate

Freedman (the "Freedmans") against Zeigler for negligence in connection with alleged water

damage to their apartment, located at 60 E. 9th St., #326, New York, New York, alleged to have

been caused by construction in Zeigler's former apartment, located at 60 E. 9th St., #526, New

York, New York. That complaint, Index No. 06-110462/06-590898, is currently pending before

this Court (the "Original Action").

      2.    Zeigler originally brought Atlantic into the Original Action as a third-party.

However, an order of the Court dated March 21, 2007 severed Atlantic from the Original Action.

Zeigler was ordered to obtain a new index number. The order stated that those portions of the

pleadings from the Original Action pertaining to Zeigler and Atlantic would stand as the

pleadings in the declaratory action. There have been no substantive changes to this complaint.

## JURISDICTION AND VENUE

3.     Jurisdiction is proper over defendant in the Court pursuant to CPLR § 301; venue is proper in New York County pursuant to CPLR § 503 based on plaintiff's residence.

## THE PARTIES

4.     Zeigler is an individual residing at 520 West 23rd St., Apt 4B, New York, NY 10011.

5.     Atlantic Casualty Insurance Company is a corporation organized and existing under the laws of the State of North Carolina, with its principal office located at 400 Commerce Court, Goldsboro, North Carolina 27533. Atlantic Casualty does business in New York and is subject to jurisdiction here.

## FACTS

8.     In March 2004, Zeigler hired Matthew Schwartz ("Schwartz") and New Phase Renovations, Inc. ("New Phase"), Schwartz's company, to perform construction work in Zeigler's apartment, located at 60 E. 9th St. #526, New York, New York.

9.     As part of his contract with New Phase, Zeigler was listed as an additional insured on New Phase's insurance. He received a copy of a certificate of insurance from New Phase listing him as an additional insured. The insurance was provided by Atlantic Casualty.

11.     On or about August 26, 2004, Schwartz and New Phase were performing construction work in Zeigler's apartment. The Freedmans allege that as a result of that construction work, there was water damage to the Freedmans' apartment.

## FIRST CAUSE OF ACTION AGAINST ATLANTIC CASUALTY

12.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 11 hereof.

13.    Any injuries alleged by the Freedmans against Zeigler were proximately caused, in whole or in part, by Atlantic Casualty's breach of contract.

14.    As a result of Atlantic Casualty's breach of contract, Zeigler demands indemnification or contribution toward any recovery by the Freedmans against Zeigler.

15.    Atlantic Casualty's breach of contract proximately caused Zeigler to sustain actual damages, including but not limited to attorneys' fees and other costs associated with the defense of this action.

16.    By reason of the foregoing, Zeigler is entitled to compensatory damages in an amount to determined at trial.

WHEREFORE, Zeigler requests judgment against third-party defendants, jointly and severally, as follows:

a.    Indemnification or contribution toward any recovery by the Freedmans against Zeigler;

b.    Compensatory damages and attorneys' fees;

c.    Interest on all sums awarded at the legal rate; and

d.    Such other and further relief as the Court may deem just and proper, including the costs and disbursements of this action.

Dated: New York, New York
August 30, 2007

HANLY CONROY BIERSTEIN
SHERIDAN FISHER & HAYES, LLP

By: *Melissa C. Welch*
_____
Melissa C. Welch

Attorneys for Plaintiff
112 Madison Avenue
New York, New York 10016
Telephone:  212-784-6406
Facsimile:   212-784-6420

TO:    Nixon Peabody LLP
       437 Madison Avenue
       New York, New York 10022
       Phone: 212-940-3000
       Fax: 212-940-3111

       Attorneys for Defendant

# SMITH DECLARATION

# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

FRED ZEIGLER,

                    Plaintiff,                              Civil Action No.:
                                                           1:07-cv-09231-JSR
        -- against --

ATLANTIC CASUALTY INSURANCE                                **ANSWER**
COMPANY,

                    Defendant.
-------------------------------------------------------------------X

        Defendant Atlantic Casualty Insurance Company ("Atlantic Casualty"), by its attorneys

Nixon Peabody LLP, as and for its Answer to Plaintiff Fred Zeigler's ("Plaintiff") Complaint,

responds upon information and belief as follows:

## IN RESPONSE TO THE NATURE OF THE ACTION

        1.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph "1" of the Complaint and respectfully refers the Court to the

action referenced therein for its terms and allegations.

        2.    Admits the allegations contained in paragraph "2" of the Complaint, except denies

knowledge or information sufficient to form a belief with respect to the allegations that "there

have been no substantive changes to this complaint," and respectfully refers all questions of law

to the Court.

## IN RESPONSE TO THE JURISDICTION AND VENUE

        3.    Denies the allegations contained in paragraph "3" of the Complaint and

respectfully refers all questions of law to the Court.

1

## IN RESPONSE TO THE PARTIES

4    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint.

5.    Denies the allegations contained in paragraph "5" of the Complaint, except admits that Atlantic Casualty is a North Carolina corporation that is authorized to conduct insurance business in the State of New York.

## IN RESPONSE TO THE FACTS

8 (sic).    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint and respectfully refers all questions of law to the Court.

9.    Denies the allegations contained in paragraph "9" of the Complaint, respectfully refers the Court to the documents and Atlantic Casualty insurance contract referenced therein for their terms, and refers all questions of law to the Court

11 (sic).    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint and respectfully refers all questions of law to the Court.

## IN RESPONSE TO A FIRST CAUSE OF ACTION AGAINST ATLANTIC CASUALTY

12    In response to paragraph "12" of the Complaint, Atlantic Casualty hereby reasserts and repeats each response to paragraphs "1" through "11" as though fully set forth hereat.

2

13.    Denies the allegations contained in paragraph "13" of the Complaint and respectfully refers all questions of law to the Court.

14.    Denies the allegations contained in paragraph "14" of the Complaint and respectfully refers all questions of law to the Court.

15.    Denies the allegations contained in paragraph "15" of the Complaint and respectfully refers all questions of law to the Court.

16.    Denies the allegations contained in paragraph "16" of the Complaint and respectfully refers all questions of law to the Court.

## FIRST DEFENSE

1.    There is no coverage, including no duty to defend and/or indemnify, under the Atlantic Casualty insurance contract for the action entitled Richard and Kate Freedman v. Fred Zeigler v. Mathew Schwartz, New Phase Renovations, Inc., and Northeastern Group, Ltd., Index No. 06-5908982, Supreme Court of the State of New York, New York County (the "Freedman Action"), on the grounds and to the extent that the claims asserted in the Freedman Action are barred, excluded, or otherwise not covered under the terms, conditions, provisions, exclusions, and/or limitations of the Atlantic Casualty insurance contract.

## SECOND DEFENSE

2.    There is no coverage, including no duty to defend and/or indemnify, under the Atlantic Casualty insurance contract for the claims asserted in, related to, and/or arising out of the Freedman Action on the grounds and to the extent that the Complaint does not assert a case or controversy sufficiently ripe for judicial resolution and/or fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

3.      There is no coverage, including no duty to defend and or indemnify, under the Atlantic Casualty insurance contract for the claims asserted in, related to, and or arising out of the Freedman Action on the ground and to the extent that there has been no "bodily injury" or "property damage" caused by an "occurrence" within the meaning of the Atlantic Casualty insurance contract.

### FOURTH DEFENSE

4.      There is no coverage, including no duty to defend and/or indemnify, under the Atlantic Casualty insurance contract for the claims asserted in, related to, and/or arising out of the Freedman Action on the ground and to the extent that there was no covered "bodily injury" or "property damage" during the Atlantic Casualty insurance contract policy period.

### FIFTH DEFENSE

5.      There is no coverage, including no duty to defend and/or indemnify, under the Atlantic Casualty insurance contract for the claims asserted in, related to, and or arising out of the Freedman Action on the ground that, among other things, the Atlantic Casualty insurance contract bars coverage for any loss, claim, cost, or expense arising out of the actions of independent contractors or subcontractors for or on behalf of any insured.

### SIXTH DEFENSE

6       There is no coverage, including no duty to defend and or indemnify, under the Atlantic Casualty insurance contract for the claims asserted in, related to, and or arising out of the Freedman Action on the ground and to the extent that Plaintiff and or anyone is not an insured or additional insured under the Atlantic Casualty insurance and or to the extent that any limitation in additional insured coverage applies.

4

### SEVENTH DEFENSE

7.      There is no coverage, including no duty to defend and/or indemnify, under the Atlantic Casualty insurance contract for the claims asserted in, related to, and/or arising out of the Freedman Action on the ground and to the extent that they claims arise out of work that does not fall within the business description as classified or shown on the Atlantic Casualty insurance contract and/or on the ground that the Classification Limitation endorsement applies.

### EIGHTH DEFENSE

8.      There is no coverage, including no duty to defend and/or indemnify, under the Atlantic Casualty insurance contract for the Freedman Action on the ground and to the extent that the Atlantic Casualty insurance contract bars coverage for injury or damage expected or intended from the standpoint of the insured.

### NINTH DEFENSE

9.      There is no coverage, including no duty to defend and/or indemnify, under the Atlantic Casualty insurance contract for the claims asserted in, related to, and/or arising out of the Freedman Action on the ground and to the extent that the claims arise out of an alleged accident, occurrence or injury at site, risk, premises, or location that is not covered under the Atlantic Casualty insurance contract.

### TENTH DEFENSE

10.      There is no coverage, including no duty to defend and/or indemnify, under the Atlantic Casualty insurance contract for the claims asserted in, related to, and/or arising out of the Freedman Action on the grounds and to the extent that anyone breached any conditions precedent to insurance coverage, including the obligation to provide timely written notice to Atlantic Casualty of any alleged occurrence, claim and suit, to immediately provide Atlantic

5

Casualty with copies of any demands, notices, summonses, or legal papers, to not make any voluntary payment, to not incur any sum without prior written consent or to cooperate.

### ELEVENTH DEFENSE

11.     There is no coverage, including no duty to defend and/or indemnify, under the Atlantic Casualty insurance contract for the claims asserted in, related to, and/or arising out of the <u>Freedman</u> Action on the grounds and to the extent that anyone seeks to recover any pre-tender costs, expenses, fees, or disbursements incurred with respect to the claim and/or the <u>Freedman</u> Action.

### TWELFTH DEFENSE

12.     There is no coverage, including no duty to defend and/or indemnify, under the Atlantic Casualty insurance contract for the claims asserted in, related to, and/or arising out of the <u>Freedman</u> Action on the grounds and to the extent that the Atlantic Casualty insurance contract excludes coverage for property damage to the insured's product and/or work.

### THIRTEENTH DEFENSE

13      There is no coverage, including no duty to defend and/or indemnify, under the Atlantic Casualty insurance contract for the claims asserted in, related to, and/or arising out of the <u>Freedman</u> Action on the grounds and to the extent that the Atlantic Casualty insurance contract excludes coverage for property damage to real property on which an insured or any contractors or subcontractors working directly or indirectly on its behalf are performing operations.

### FOURTEENTH DEFENSE

14.     There is no coverage, including no duty to defend and/or indemnify, under the Atlantic Casualty insurance contract for the claims asserted in, related to, and/or arising out of

the Freedman Action on the grounds and to the extent that the Atlantic Casualty insurance contract excludes coverage for property damage to property that must be restored, repaired or replaced because the insured's work was incorrectly performed on it.

### FIFTEENTH DEFENSE

15.    There is no coverage, including no duty to defend and/or indemnify, under the Atlantic Casualty insurance contract for the claims asserted in, related to, and/or arising out of the Freedman Action on the grounds and to the extent that the Atlantic Casualty insurance contract excludes coverage for property damage to impaired property or property that has not been physically injured, arising out of a defect, deficiency, inadequacy or dangerous condition in the insured's product or the insured's work, or a delay or failure by the insured or anyone acting on behalf of the insured to perform a contract or agreement in accordance with its terms.

### SIXTEENTH DEFENSE

16.    There is no coverage, including no duty to defend and/or indemnify, under the Atlantic Casualty insurance contract for the claims asserted in, related to, and/or arising out of the Freedman Action on the grounds and to the extent that the Atlantic Casualty insurance contract excludes coverage for damages claimed for any loss, cost or expense incurred by the insured or others for the loss of use, withdrawal, repair, replacement, adjustment, removal or disposal of the insured's product, work, or impaired property, if such product, work or property has withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

### SEVENTEENTH DEFENSE

17.    There is no coverage, including no duty to defend and/or indemnify, under the Atlantic Casualty insurance contract for the claims asserted in, related to, and/or arising out of

the Freedman Action on the grounds and to the extent that any alleged certificate of insurance was not issued by any authorized agent or representative of Atlantic Casualty.

## EIGHTEENTH DEFENSE

18.     There is no coverage, including no duty to defend and/or indemnify, under the Atlantic Casualty insurance contract for the claims asserted in, related to, and/or arising out of the Underlying Actions on the grounds that Plaintiff or anyone has, for any losses allegedly covered by the Atlantic Casualty insurance contract, co-insurance, other insurance, self-insurance, deductibles, collateral sources of money, or other contractual indemnitors or to the extent the Atlantic Casualty insurance contract provides limited or no insurance based on an allocation or to the extent that the Atlantic Casualty insurance contract constitutes excess insurance.

## NINETEENTH DEFENSE

19.     There is no coverage, including no duty to defend and/or indemnify, under the Atlantic Casualty insurance contract for the claims asserted in, related to, and/or arising out of the Freedman Action on the grounds and to the extent that the Atlantic Casualty insurance contract excludes coverage for injury or damage relative to pollution or pollutants.

## TWENTIETH DEFENSE

20.     There is no coverage, including no duty to defend and/or indemnify, under the Atlantic Casualty insurance contract for the claims asserted in, related to, and/or arising out of the Freedman Action on the grounds and to the extent that the exclusion relative to the "Mold, Fungus, Bacteria, Virus And Organic Pathogen Exclusion – Liability" applies.

### TWENTY-FIRST DEFENSE

21.     There is no coverage, including no duty to defend and or indemnify, under the Atlantic Casualty insurance contract for the claims asserted in, related to, and or arising out of the Freedman Action on the ground and to the extent that Zeigler or anyone seeking coverage under the Atlantic Casualty insurance contract failed to mitigate damages in connection with the claim and the Freedman Action.

### TWENTY-SECOND DEFENSE

22.     Atlantic Casualty's grounds for asserting that there is no coverage under the Atlantic Casualty insurance contract are based upon the facts that are available to Atlantic Casualty at this time.  Atlantic Casualty reserves its right to raise any additional defenses and grounds for disclaiming coverage in the future should Atlantic Casualty determine such grounds exist.

Dated: New York, New York
     October 18, 2007

Aidan M. McCormack, Esq. (AM3017)
Cyril E. Smith, Esq. (CS8359)
Nixon Peabody LLP
*Attorneys for Defendant*
*Atlantic Casualty Insurance Co*
437 Madison Avenue
New York, New York 10022
(212) 940-3000

TO:   Melissa C. Welch, Esq.
     Hanly Conroy Bierstein
     Sheridan Fisher & Hayes, LLP
     112 Madison Avenue
     New York, New York 10016