UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

FRED ZEIGLER,

        Plaintiff,                                 Civil Action No.:
                                                            1:07-cv-09231-JSR

   -- against --

ATLANTIC CASUALTY INSURANCE
COMPANY,

        Defendant.
------------------------------------------------------------------X

# ATLANTIC CASUALTY'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND TO STATE COURT

Aidan M. McCormack
Cyril E. Smith
Nixon Peabody LLP
Attorneys for Defendant
*Atlantic Casualty Insurance Company*
437 Madison Avenue
New York, New York 10022
(212) 940-3000

## PRELIMINARY STATEMENT

Atlantic Casualty Insurance Company ("Atlantic Casualty") respectfully submits this memorandum of law and accompanying Affidavit of Myrissa Smith Dixon and Declaration of Cyril E. Smith in opposition to Plaintiff Fred Zeigler's ("Plaintiff") Motion To Remand To State Court. For the following reasons, it is respectfully submitted that Plaintiff's motion should be denied so that the parties can move forward with discovery in this action.

First, Plaintiff does not dispute that this Court has proper jurisdiction over this action. Under 28 U.S.C. §1441, Atlantic Casualty is fully entitled to remove this case to this Court. The only parties to this action are Atlantic Casualty, which is a foreign corporation, and Plaintiff, who is a resident of the State of New York. Moreover, Atlantic Casualty did not answer the complaint or join issue before seeking to remove this action to this Court. Finally, this Court has proper jurisdiction over this matter since it is being removed from the Supreme Court of the State of New York, County of New York.

Second, Plaintiff's claim that Atlantic Casualty was required to remove this action by May 3, 2007 is incorrect. Atlantic Casualty could not have removed this case until Plaintiff complied with Judge's York's order and commenced the action. As set forth in the Honorable Justice Louis York's March 21, 2007 order, Plaintiff was required to obtain a new index number if it wished to proceed with the insurance coverage action. **(Smith Dec. Ex. C)**[1] This was not a simple severance. Rather, a new action needed to be commenced, and a new complaint served and filed. Plaintiff's new Complaint was dated August 30, 2007. **(Smith Dec. Ex. D)** Plaintiff

---

[1] References to "Smith Dec." are to the accompanying Declaration of Cyril E. Smith, with exhibits, dated November 30, 2007.

2

did not serve that Complaint until September 26, 2007. **(Dixon Aff. ¶4)**[2] In light of Justice York's order, Atlantic Casualty could not remove this action to federal court unless and until Plaintiff complied with the Order and filed and served the new action. Plaintiff, however, delayed in obtaining the new index number and filing a new complaint for over five months after Justice York's March 21, 2007 decision. Any delay is solely attributable to Plaintiff not complying with Justice York's order until it served the new complaint with the new index number on September 26, 2007. Atlantic Casualty timely removed this case to this Court 19 days later, on October 15, 2007. Thus, Plaintiff's motion should be denied.

Plaintiff's contention that the index number was not necessary plainly contradicts Justice York's Order and the requirements for removal. Here, Justice York's order required Plaintiff to obtain a new index number to proceed with the insurance coverage action, which Plaintiff did by serving Atlantic Casualty with a new complaint with a new index number on September 26, 2007. **(Dixon Aff. ¶4)** Under 28 U.S.C. §1446, removal would simply not be possible without an index number. Subsection (b) of the statute makes clear that removal is permitted "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." Likewise, under subsection (d) Atlantic Casualty was required to file in the State Court action its Notice of Removal papers. Thus, under the statute, the action could not be removed until Plaintiff served its new complaint with the index number, which Plaintiff did on September 26, 2007. Thus, Atlantic Casualty timely removed the action 19 days from service, within 30 days as required by under 28 U.S.C. §1446.

---

[2] References to "Dixon Aff." are to the accompanying Affidavit of Myrissa Dixon in support of Atlantic Casualty's opposition to Plaintiff's Motion to Remand, sworn to on November 30, 2007.

Accordingly, Atlantic Casualty respectfully submits that Plaintiff's motion should be denied and discovery in this case should proceed since Plaintiff has not proven that Atlantic Casualty's removal of this action was untimely.

## STATEMENT OF FACTS

The claim arises out of the alleged water damage to plaintiffs Richard and Kate Freedman's apartment allegedly caused by renovation work performed by New Phase Renovations, Inc. ("New Phase") in Ziegler's apartment located at 60 East 9th Street, New York, New York. Ziegler allegedly resides in apartment 526 and the claimants allegedly reside in apartment 326. On or about July 19, 2006, plaintiffs Richard and Kate Freedman commenced an action entitled *Richard Freedman and Kate Freedman v. Fred Ziegler*, Index No. 06110462, Supreme Court of the State of New York, New York County (the "*Freedman* Action") alleging that Ziegler had construction work performed in his apartment on August 26, 2004 that caused water damage to plaintiffs' apartment. **(Smith Dec. Ex. A)** The *Freedman* Action also alleges that the plaintiffs' apartment was damaged by water leaking from Ziegler's on two subsequent occasions. **(Smith Dec. Ex. A at ¶5)** The complaint also alleges that Ziegler negligently supervised the work in his apartment, causing water damage. The *Freedman* Action seeks damages in excess of $250,000.00.

On or about September 15, 2006, Fred Ziegler commenced a third-party insurance coverage action against Atlantic Casualty and others as part of the *Freedman* Action to recover any costs and indemnity he incurs in the *Freedman* Action. **(Smith Dec. Ex. B)** On or about November 3, 2006, Atlantic Casualty moved to dismiss or sever the insurance coverage action from the underlying *Freedman* Action. By order dated March 21, 2007, Justice Louis B. York

granted Atlantic Casualty's motion, severed the insurance coverage action from the *Freedman Action*, and ordered Zeigler to purchase a new index number for the severed insurance coverage action. **(Smith Dec. Ex. C)**

On or about August 30, 2007, Zeigler filed this action against Atlantic Casualty. **(Smith Dec. Ex. D)** The Summons and Complaint in this action was served on Atlantic Casualty on September 26, 2007. **(Dixon Aff. ¶4)** On October 15, 2007, Atlantic Casualty removed the case to this Court. On October 19, 2007, Atlantic Casualty answered the complaint in this action. **(Smith Dec. Ex. E)**

## ARGUMENT

### POINT I

### ATLANTIC CASUALTY PROPERLY REMOVED THIS MATTER TO THIS COURT

It is undisputed that Atlantic Casualty properly removed this mater to this Court. This Court has proper jurisdiction over the parties and the subject matter. The reason is simple – Atlantic Casualty has met all the requirements for removing this matter to this Court. Simply stated, under 28 U.S.C. §1441, Atlantic Casualty is fully entitled to remove this case to this Court. Atlantic Casualty is a North Carolina corporation and Plaintiff is a resident of the State of New York. **(Smith Dec. Exs. D and E)** Moreover, Atlantic Casualty did not answer the complaint before removing the case to this Court. In addition, under 28 U.S.C. §1446, Atlantic Casualty timely removed the case on October 15, 2007, which was within 30 days of being served with Plaintiff's new complaint and new index number on September 26, 2007. **(Dixon Aff. ¶4)** Finally, this Court has proper jurisdiction over this matter since it was removed from

5

the Supreme Court of the State of New York, County of New York, and this Court has jurisdiction over cases removed from that Court.

Accordingly, Atlantic Casualty has met all the requirements for removing the case under the applicable federal statutes. Thus, Plaintiff's motion should be denied.

## POINT II

### ATLANTIC CASUALTY COULD NOT REMOVE THIS CASE UNTIL PLAINTIFF OBTAINED THE COURT-ORDERED NEW INDEX NUMBER AND SERVED ITS NEW COMPLAINT

Plaintiff incorrectly contends that Atlantic Casualty had thirty days from the Honorable Justice Louis York's March 21, 2007 order severing the case to remove the case to federal court. In granting Atlantic Casualty's motion, Justice York made clear that if the plaintiff intended to proceed with the insurance action it would have to commence a new action by purchasing a new index number. **(Smith Dec. Ex. C)** On its face, the order makes clear that Plaintiff must obtain a new index number if it wished to proceed with its claims against Atlantic Casualty. No where in Plaintiff's papers does he ever contend that he was not obligated to obtain a new index number. Rather, Plaintiff attempts to circumvent this threshold requirement by arguing that Atlantic Casualty was required to remove the case in May of 2007 – before Plaintiff had commenced this action by filing and serving the Complaint. In support of his position, Plaintiff cites to the Southern District of Florida's decision in *Sharp Gen. Contractors, Inc. v. Mt. Hawley Ins. Co.* That case, however, is not only not binding on this Court, but is also plainly distinguishable since there was no requirement by the state court that the third-party plaintiff obtain a new index number to pursue the insurance coverage action. Once the case was severed, the index number remained the same and the insurer thus had thirty days to remove the case. Here, however, the trial court granted Atlantic Casualty's motion and ordered Zeigler to obtain a

new index number if it wished to pursue its claims against Atlantic Casualty. **(Smith Dec. Ex. C)** The new index number was a threshold requirement for Zeigler to maintain a valid claim against Atlantic Casualty. Thus, the 30-day period did not begin to run until Zeigler obtained a new index number and served a complaint upon Atlantic Casualty, which it did not do until September 26, 2007. **(Dixon Aff. ¶4)**

Plaintiff, as a pre-requisite to pursuing the insurance coverage action, had to obtain a new index number for the severed insurance coverage action. **(Smith Dec. Ex. C)** Simply stated, Atlantic Casualty would not be able to remove this case without a new number and complaint since (1) it would have no way of knowing whether Plaintiff would have pursued the same claims against Atlantic Casualty after severance (or pursued any claims at all); (2) Atlantic Casualty would not know whether the severance would pertain only to Atlantic Casualty only or would also include the other third-party defendants; (3) Atlantic Casualty would have no way of knowing – until it received the new complaint – that it could indeed remove the action based on diversity grounds; indeed, had the other defendants in the third-party action, including New Phase Renovations, Inc., Atlantic Casualty's insured, been added to the new complaint, there would be no diversity and, thus, no basis for removal to federal court; and (4) Atlantic Casualty had no place to file its Notice of Notice of Removal as required by 28 § 1446 until it was served with the index number and pleading for the new action. Here, Plaintiff did not file its new complaint and obtain a new number until <u>five</u> months after Justice York's order. Atlantic Casualty was entitled to know what it was removing, from where, and to receive service before any obligation to remove accrued. *See Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196 (2nd Cir. 2001) ("A case is removable when the initial pleading enables the defendant to '**intelligently ascertain**' removability from the face of such pleading, so that in its petition for removal[, the]

7

defendant can make a short and plain statement of the grounds for removal as required.") (Emphasis added).

Plainly, in light of Justice York's order, Atlantic Casualty could not remove the action to federal court unless and until Plaintiff complied with Justice York's Order. That is the only way Atlantic Casualty would know what claims and parties would be involved in the new action or whether Plaintiff would even pursue the action against Atlantic Casualty. Significantly, the new action only names Atlantic Casualty as a defendant, which lays waste Plaintiff's argument that Atlantic Casualty could have removed the case with the old index number. Had Atlantic Casualty done so, it would have essentially removed the entire third-party action, including the claims against Atlantic Casualty's insured, New Phase Renovations, Inc. and the other third-party defendants, who are <u>not</u> parties to the present action. Moreover, until Plaintiff served and filed the new index number, Atlantic Casualty had no place to file its removal papers as required by 28 § 1446. Plaintiff, however, did not serve the new complaint dated August 30, 2007, with the new index number until September 26, 2007 - five months after Justice York's decision. **(Dixon Aff. ¶4)** Plaintiff should not seek to excuse its own delay in complying with Justice York's Order by claiming that Atlantic Casualty's removal, once Plaintiff complied, is now untimely. Thus, Plaintiff's motion should be denied since Atlantic Casualty timely removed the case to this Court on October 15, 2007, which was within 30 days of being served with Plaintiff's new complaint and index number on September 26, 2007.

There is no merit to Plaintiff's contention that Atlantic Casualty was required to guess as to the substance of Plaintiff's new complaint and the court file for the new action to remove it in May 2007. That directly contradicts Justice York's order and the requirements for removal under 28 U.S.C. §1446. That statute states that removal is permitted "within thirty days

8

after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." Likewise, under subsection (d) Atlantic Casualty was required to file a Notice of Removal in the State Court action. Thus, under the statute, the action could not be removed until Plaintiff served its new complaint with the index number on September 26, 2007. Quite simply, Justice York ordered Plaintiff to obtain a new index number to proceed with a new action. Plaintiff waited over five months to do so and did not serve its new complaint with the new index number until September 26, 2007. **(Dixon Aff. ¶4)** Thus, Atlantic Casualty's removal on October 15, 2007 – 19 days later – was timely.

Indeed, had Atlantic Casualty sought to remove the new action without Plaintiff first obtaining a new index number and serving it, it would have violated Justice York's order by trying to remove the case under an index number that Justice York had ruled was not valid for that action. Moreover, by using the old index number, Atlantic Casualty would have removed all of the claims against all of the parties in that action, including claims and parties that are not part of the present action. Simply put, Justice York required that a new action be commenced so that the claims against Atlantic Casualty could be parsed out from the remaining claims. Once Plaintiff complied with that Order, Atlantic Casualty promptly removed the action. Plaintiff should not now be heard to complain of a delay it caused.

## CONCLUSION

For the reasons set forth above, it is respectfully submitted that Plaintiff's motion to remand should be denied since so that the parties can move forward with discovery in this case.

9

Dated: New York, New York
       November 30, 2007

                                                             */s/ Cyril E. Smith*

Aidan M. McCormack, Esq. (AM3017)
Cyril E. Smith, Esq. (CS 8359)
Nixon Peabody LLP
*Attorneys for Defendant*
*Atlantic Casualty Insurance Co.*
437 Madison Avenue
New York, New York 10022
(212) 940-3000

TO:    Thomas I. Sheridan, III, Esq.
        Hanly Conroy Bierstein Sheridan Fisher & Hayes LLP
        *Attorneys for Plaintiff*
        112 Madison Avenue
        New York, New York 10016

10815198.1