UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRED ZEIGLER,

           Plaintiff,

       - against -                    07-cv-9231 (JSR)

ATLANTIC CASUALTY INSURANCE COMPANY,

           Defendant.

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HIS MOTION
TO REMAND TO STATE COURT PURSUANT TO 28 USC § 1446(b)**

**HANLY CONROY BIERSTEIN SHERIDAN FISHER & HAYES LLP**
112 Madison Avenue
New York, New York 10016
(212) 784-6400

*Attorneys for Plaintiff*

December 6, 2007

## TABLE OF AUTHORITIES

**Cases**

*Sharp General Contractors, Inc. v. Mt. Hawley Ins. Co.*,
   471 F. Supp. 2d 1304 (S.D. Fla. 2007) ...................................................................................... 2

*Whitaker v. American Telecasting, Inc.*,
   261 F.3d 196 (2d Cir. 2001) ........................................................................................................ 3

**Statutes**

28 U.S.C. § 1446(a) ......................................................................................................................... 2

28 U.S.C. § 1446(b) ......................................................................................................................... 1

28 U.S.C. § 1446(d) ......................................................................................................................... 2

## PRELIMINARY STATEMENT

Plaintiff Zeigler respectfully submits this reply brief in support of his motion to remand to state court on the ground that Defendant Atlantic's notice of removal was untimely under 28 U.S.C. § 1446(b).

## STATEMENT OF FACTS

Atlantic asserts that under Justice York's March 21, 2007 severance order "a new action needed to be commenced and a new complaint served and filed." (Atlantic Brief at 2; *see also id*. at 6, 9). That contention is frivolous in light of the actual terms of the order:

> Upon the foregoing papers, it is ordered that *this motion is granted but only to the extent of severing* that portion of the third party action that seeks declaratory relief against New Phase and Matthew Swartz's ins. co., Atlantic Casualty Insurance Co.
>
> Third party plaintiff shall obtain *a new index no. for this phase of the third party action without an additional charge* for the index no. *The portion of the pleadings involving these two parties shall stand as the pleadings in the third party action*.

Sheridan Aff. Ex. A (Notice of Removal Ex. B) (emphasis added).

Thus, Justice York's order did not contemplate the commencement of a new action; rather, he ordered a simple severance, which began a new "phase" of the ongoing third party action. The provision for obtaining of a new index number ("without an additional charge") was a mere administrative detail. It did not mean that a new action was to be commenced; rather, its sole purpose was to obtain a new number so the court and the parties could keep track of the ongoing, but severed, action. Nor was any new pleading required; instead, the existing pleading against Atlantic was ordered to "stand as the pleading[] in the third party action." *Id*. Thus, Atlantic did not have to guess about what the severed pleading might contain or who the parties would be; it already had the severed pleading in its possession. Nor did it have to guess about

whether the third party action would be pursued. Justice York had denied the branch of Atlantic's motion that had sought dismissal, so the action was still pending.

Atlantic suggests that it could not have filed a notice of removal without a new index number. That is simply untrue. A notice of removal is initially filed in federal court. 28 U.S.C. § 1446(a) The lack of a State Court index number would not have interfered with that filing. The subsequent notice that is supposed to be filed in State Court, 28 U.S.C. § 1446(d), could have been effected using the original index number or, if that caused a problem in the Clerk's Office, Atlantic could have obtained a new index number, without any charge, simply by filing a request for an index number at the time of filing its notice of removal. Nothing in Justice York's order prevented Atlantic from getting a new index number if that was necessary to effect filing of its notice of removal in State court.

## ARGUMENT

The thirty-day period for removal began to run when Atlantic received Justice York's March 21, 2007 order. That was the "order from which it [could] first be ascertained that the case [had] become removable." *See Sharp General Contractors, Inc. v. Mt. Hawley Ins. Co.*, 471 F. Supp. 2d 1304 (S.D. Fla. 2007) (thirty-day period runs from receipt of severance order)

Contrary to Atlantic's argument, there is no reason it could not have filed its notice of removal in this Court within thirty days after learning, from Justice York's severance order, that the case had become removable. Thus, Atlantic offers no good reason why the running of the thirty-day period should be delayed until a new index number was purchased by Ziegler.

*Whitaker v. American Telecasting, Inc.*, 261 F.3d 196 (2d Cir. 2001), the only case cited by Atlantic, did not involve severance. It involved a summons with notice from which it was "impossible to assess whether there is complete diversity" because it failed to specify the

2

addresses of various defendants. Zeigler's third party complaint, which Justice York said would "stand" in the severed action against Atlantic, presented no such difficultly. Indeed, it was, in all material, respects *identical* to the complaint that Atlantic *actually* removed. *Compare* Sheridan Affidavit Ex. A (Notice of Removal Ex. A) *with* Dixon Aff. Ex. A.

## CONCLUSION

The notice of removal filed on October 15, 2007 was untimely, and the case must be remanded to state court.

Dated: New York, New York
December 6, 2007

HANLY CONROY BIERSTEIN SHERIDAN
FISHER & HAYES LLP

By: **/s/ Thomas I. Sheridan**
Thomas I. Sheridan (TS-0599)

112 Madison Avenue
New York, NY 10016
Tel. (212) 784-6400
Fax (212) 784-6420
tsheridan@hanlyconroy.com

3